UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NORA PRICE,
    Plaintiff,

    v.

PETSMART, INC., ANIMAL NATION,
INC., and PETSMART CHARITIES, INC.,
    Defendants.

No. 3:15-cv-01329 (JAM)

**ORDER OF DISMISSAL AND REMAND TO STATE COURT**

To remove a case from state court to federal court, a defendant bears the burden of establishing the propriety of removal. For cases involving a claim of federal diversity jurisdiction, the removing defendant must demonstrate that the basic requirements—complete diversity of the parties and an amount-in-controversy of $75,000—have been met. In this personal injury case that arises from plaintiff's adoption of a sickly cat, the principal issue is whether defendants have met their burden to prove an amount in controversy exceeding $75,000. I conclude that defendants have failed to meet this burden, and therefore I will remand this case to state court.

**BACKGROUND**

The complaint alleges that plaintiff adopted a cat from Animal Nation, Inc., and that this adoption was facilitated and brokered by defendant PetSmart, Inc. When plaintiff brought the cat home, "the Cat begin to sneeze and itch, and was suffering from a swelling around her eyes." Doc. #1-1 at 2. Plaintiff told one of the defendants that her cat was "very uncomfortable" and that "her eyes were swelling shut." *Id.* at 3. Plaintiff further advised that she herself had "developed a contact dermatitis rash on her arms and chest as a result of her interaction with the Cat." *Ibid.* More than a week later, a veterinarian told plaintiff that her cat had ringworm, and

1

plaintiff soon learned from her own doctor that she also had ringworm. *Ibid.* Ringworm is a readily treatable fungal infection, and the complaint does not describe any hospitalization or additional medical complications for plaintiff or her cat.[1]

Plaintiff filed a civil complaint in Connecticut state court, alleging claims against the defendants of negligence, negligent misrepresentation, and negligent infliction of emotional distress. Although Connecticut law does not require a complaint to precisely quantify a claim of damages, it does require a plaintiff to serve notice of the amount in demand within a choice of numerical ranges. A complaint for money damages must set forth whether the amount in demand is: (1) $15,000 or more; (2) $2,500 or more but less than $15,000; or (3) less than $2,500. *See* Conn. Gen. Stat. § 52-91; *Ryan v. Cerullo*, 343 F. Supp.2d 157, 160 (D. Conn. 2004). In light of this requirement, plaintiff filed a statement of amount in demand in excess of $2,500. Doc. #1-1 at 10.

Defendants filed a notice of removal pursuant to 28 U.S.C. § 1441 to remove this action to federal court, and they invoke federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). They allege that plaintiff is a citizen of Connecticut and that each of the defendants is incorporated and has its principal place of business outside Connecticut. As to the $75,000 amount-in-controversy requirement, defendants contend that plaintiff's counsel claimed during a recent conversation that the amount in controversy was more than $75,000. Defendants submitted with their notice of removal a letter from counsel for defendants to plaintiff's counsel, stating in relevant part that "[t]his will confirm your telephone conversation with my associate

---

[1] According to the National Institutes of Health, ringworm is a skin infection due to a fungus (not any kind of worm) that is often carried by cats and that ordinarily responds to over-the-counter topical treatment. *See NIH U.S. National Library of Medicine, Medline Plus (Ringworm),* available at https://www.nlm.nih.gov/medlineplus/ency/article/001439.htm (last accessed Nov. 30, 2015). The Mayo Clinic notes that ringworm "is closely related to athlete's foot (tinia pedis) [and] jock itch (tinea cruris)." *See* Mayo Clinic, Diseases and Conditions: Ringworm (body), available at http://www.mayoclinic.org/diseases-conditions/ringworm/basics/definition/con-20021104 (last accessed Nov. 30, 2015).

[name omitted] during which you advised Plaintiff values her claim in excess of $75,000, exclusive of interests and costs." Doc. #1-2 at 1. The letter does not otherwise set forth any basis for a calculation of the amount in controversy.

When this case appeared on my docket, I had doubts that it belonged there. I entered an order to show cause to require the parties to address the basis for federal jurisdiction and to adduce any evidence such as affidavits and medical records that the amount in controversy in this action is more than $75,000. Doc. #11.

In response to the order to show cause, defendants did not adduce any evidence other than purported statements of plaintiff's counsel of the actual amount in controversy. Defendants claimed that their counsel had "spoke with" plaintiff's counsel and that plaintiff's counsel "advised [that] Plaintiff values her claim in excess of $75,000.00, exclusive of interests and costs, and, thus, would not enter into a stipulation capping her damages at same." Doc. #13 at 2.

Plaintiff's response to the order to show cause stated that "[a]t this time, the Plaintiff's damages consist of the amount paid for the cat, the medical bills both for the cat and the Plaintiff, cleaning and replacement expenses for personal belongings, along with pain and suffering and attendant emotional distress of the Plaintiff associated with the ringworm infection." Doc. #12 at 2. Although plaintiff contended that defendants had not met their burden to establish an amount in controversy of more than $75,000, neither would she disclaim the theoretical possibility of a jury award of more than $75,000. "While the Plaintiff would certainly like to be awarded compensatory damages in excess of $75,000.00 based on her pain and suffering, that determination would have to be made by a jury." *Ibid.*

**DISCUSSION**

If a defendant removes a case from state court to federal court on the basis of diversity jurisdiction, then the defendant bears the burden to show that all the requisites for federal jurisdiction are met, including that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000). This jurisdictional threshold amount is ordinarily established by the face of the complaint and the dollar-amount actually claimed. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). If, however, a complaint does not state the requisite amount and if the amount is subject to dispute, then a court must determine by a preponderance of the evidence whether the amount in controversy exceeds the jurisdictional threshold. *See* 28 U.S.C. § 1446(c)(2)(B); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A court may consider "the nature of the claims, factual allegations within the pleadings, and the record outside the pleadings to determine the amount in controversy." *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 438 (S.D.N.Y. 2006).

Here, I conclude that defendants have not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff alleges that she contracted ringworm, a fungal infection that is ordinarily treatable without hospitalization or other apparent medical complication. No medical complications have been suggested by the parties in this case. The facts as pleaded do not plausibly suggest that plaintiff has suffered damages of more than $75,000.

This conclusion is reinforced by plaintiff's own characterization of the amount at issue for her claim. When plaintiff filed her state court complaint, she specified a monetary demand in

excess of $2,500. Although her demand did not set an upper limit, it was filed in accordance with the requirement of Connecticut law for a plaintiff to specify an amount of $2,500 for a demand that is *more* than $2,500 but *less* than $15,000. *See* Conn. Gen. Stat. § 52-91. It is clear that when plaintiff filed her complaint she did not contemplate damages of more than $15,000—much less quintuple that amount of $75,000.

Defendants rely on their telephone conversation with plaintiff's counsel—as memorialized in a follow-up letter to plaintiff's counsel—to contend that plaintiff values her claim at more than $75,000.[2] It is true that a court may appropriately consider communications or correspondence between the parties as evidence of the amount in controversy for diversity jurisdiction purposes. *See*, *e.g.*, *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 199-204 (D. Conn. 2004). But here defendants do no more than characterize in the vaguest of terms what they claim plaintiff's counsel told them on the telephone, and there remains no real underlying evidence to support an amount in controversy that is even close to $75,000. This case, therefore, is distinguishable from the *Vermande* decision in which the court relied for valuation purposes on a facsimile sent by plaintiff to defendants asserting a settlement demand that included an itemized list of damages in the amount of $154,182. *Id.* at 199-200.

Defendants complain that plaintiff has declined to stipulate to an amount in controversy less than $75,000. Indeed, if plaintiff were willing to stipulate to a damages cap, I might more easily conclude that the amount in controversy is less than $75,000. *See, e.g., Luce v. Kohl's Dept. Stores, Inc.*, 23 F. Supp. 3d 82 (D. Conn. 2014). Still, however, the fact that a plaintiff will not stipulate to damages of less than $75,000 does not alone compel a conclusion that the actual amount in controversy is more than $75,000 in the absence of other evidence that this is so. I

---

[2] Because I conclude that defendants have failed to date to prove the requisite amount in controversy, I need not resolve the parties' dispute whether defendants' counsel's letter to plaintiff's counsel constituted "other paper" that allowed for filing of a notice of removal pursuant to 28 U.S.C. § 1446(b)(3).

agree with Judge Pollak that "[w]hile a plaintiff's failure to stipulate might provide some evidence that a claim is truly for more than the jurisdictional minimum, I do not believe that fact may alone shoulder the burden of § 1332 jurisdiction." *Lee v. Walmart, Inc.*, 237 F. Supp. 2d 577, 580 (E.D. Pa. 2002); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (same). In short, defendants have failed to establish an amount in controversy of more than $75,000, and there is no federal jurisdiction over this case.

## CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction, and the case is REMANDED to the Connecticut Superior Court for the Judicial District of Stamford. The Clerk is directed to close this case.

It is so ordered.

Dated at New Haven this 30th day of November 2015.

/s/ *Jeffrey Alker Meyer*

Jeffrey Alker Meyer

United States District Judge